UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20632-Civ-COOKE

ERIC SEYMOUR WILLIAMS,

    Plaintiff

vs.

REBECCA SCHRADER, *et al*.,

    Defendants.

_____/

### ORDER OF DISMISSAL

THIS MATTER is before me Plaintiff's Motion for Leave to Appeal *in forma pauperis* (ECF No. 3) and Plaintiff's Amended Complaint (ECF No. 4). I have reviewed the Plaintiff's filings, the record, and the relevant legal authorities. For the reasons explained in this Order, the Plaintiff's Complaint is dismissed.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). However, a court must dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). A district court has the inherent power to dismiss, *sua sponte*, a frivolous lawsuit. *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). In this context, a lawsuit is frivolous if it lacks a legal basis or legal merit. *See Black's Law Dictionary*, 739 (9th ed. 2009). A complaint may be dismissed even before service of process, if the court determines "from the face of the complaint that the factual allegations are

clearly baseless or that the legal theories are indisputably meritless." *Davis*, 261 F. App'x at 234 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993)).

Plaintiff has filed an Amended Complaint under the Civil Rights Act, 42 U.S.C. § 1983. "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id.* "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1523 (11th Cir. 1995).

Plaintiff states that the Defendants acted to "prevent or hinder" his marriage to Gail Proctor, his employment, and his ministry. He further states that "[t]hey used the internet, telephone, and other means of broadcast communication to propagate libelous and slanderous statements." He also attaches what appears to be an e-mail exchange where Gail Procter tells someone named "Bill" to stop stalking her.

Plaintiff fails to state a § 1983 claim. Plaintiff does not identify, nor can this Court discern, what federal right might be at issue here. He also fails to allege that any defendant was acting under color of state law. Because Plaintiff lumps all defendants together, the Court cannot determine who each of the defendants is or how they are related to this action.

To the extent Plaintiff might be stating a claim for defamation, he fails to provide any facts to support the claim. Under Florida law, defamation encompasses both libel and slander. *See Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 n.11 (S.D. Fla. 2006) ("Notwithstanding the particulars of the title, the elements of libel and slander-defamation-are the same."). The

elements of a claim for defamation are: "(1) the defendant published a false statement; (2) about the plaintiff; (3) to a third party; and (4) the plaintiff suffered damages as a result of the publication." *Id.* at 1378.  "The first element of the claim, 'a false statement of fact, is the *sine qua non* for recovery in a defamation action.'" *Id*. (quoting *Hallmark Builders, Inc. v. Gaylord Broad. Co.*, 733 F2d 1461, 1464 (11th Cir. 1984)) (internal quotations omitted).  In a defamation case, "a plaintiff 'must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred.'" *Morrison v. Morgan Stanley Props.,* No. 06-80751, 2008 WL 1771871, at *10 (S.D. Fla. Apr. 15, 2008) (quoting *Fowler v. Taco Viva, Inc.*, 646 F. Supp. 152, 157-58 (S.D. Fla. 1986)).  Plaintiff fails to allege facts to support any of the elements of a defamation claim.

For the reasons explained in this Order, I find that the Plaintiff's Amended Complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  It is therefore **ORDERED and ADJUDGED** that:

1. The Plaintiff's Amended Complaint is **DISMISSED** without prejudice.  Plaintiff may file a Second Amended Complaint within twenty-one days of this Order.

2. All other motions are **DENIED** as moot.

3. The Clerk is directed to **CLOSE** this matter.

**DONE and ORDERED** in chambers, at Miami, Florida, this 27th day of March 2012.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of record*
*Eric Seymour Williams*, pro se